UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

MICHAEL A. JACKSON,

        Plaintiff,

    v.

Mrs. PHELPS *et al*.,

        Defendants,

Case No.  C08-5061FDB

REPORT AND RECOMMENDATION

**NOTED FOR**:
**JULY 18, 2008**

This 42 U.S.C. § 1983 Civil Rights action has been referred to the undersigned Magistrate Judge pursuant to Title 28 U.S.C. §§ 636(b)(1)(A) and 636(b)(1)(B) and Local Magistrates' Rules MJR 1, MJR 3, and MJR 4.  Before the court is defendant's motion to dismiss (Dkt. # 26).  Plaintiff has not filed a response.

## FACTS

The following facts come from the complaint (Dkt # 6).  Plaintiff alleges he is a transsexual. He alleges that in December of 2007, inmate Edward Pittit began sexually harassing him while they were both walking to their jobs in the kitchen area of the prison.  Plaintiff alleges he informed Correctional Officer Shaw and the Food Service Manager Mrs. C. Klatt he was being harassed by inmate Pittit.  Plaintiff alleges these defendants did nothing to protect him and teased him by asking if he wanted Pittit to buy him a diamond ring.  Plaintiff alleges that approximately one week later, on December 24, 2007, he was sexually assaulted by inmates Pittit

REPORT AND RECOMMENDATION
Page - 1

and Thorne.

On January 2, 2007, plaintiff claims to have told defendants Shaw and Klatt about the sexual assault and asked for proper spellings of their names. Shortly after he informed defendants Shaw and Klatt of the alleged assault plaintiff was told to return to his living unit. On returning to his living unit he was met by Sergeants Phelps and Miccandless as well as by Custody Unit Supervisor, CUS, Robert Turk. Plaintiff alleges these defendants told him defendants Shaw and Klatt apologized for the comments about the diamond ring and the defendants allegedly asked plaintiff how he wanted to proceed.

Plaintiff alleges he told the defendants to remove inmates Pittit and Thorne from their jobs and investigate the alleged assault. Plaintiff alleges defendant Phelps asked why they should believe him and if he wanted to risk being known as a snitch. Plaintiff also alleges defendant Phelps asked him to give up his job instead. Plaintiff alleges defendant Turk told him the next time these two inmates did anything to him he should "physically assault them both." The next day January 3, 2008, plaintiff met with an investigator and gave a statement. The record does not indicate if inmates Pittit and Thorne were removed from their jobs.

Defendants move to dismiss based on failure to exhaust administrative remedies and failure to state a claim (Dkt. # 26). Defendants show plaintiff filed a grievance claiming sexual assault or harassment, but he had more grievances pending than policy allowed him to have at one time. All grievances were returned to him so he could choose which ones he wanted to proceed with. Plaintiff did proceed with the grievance regarding sexual assault or harassment. The grievance was withdrawn when plaintiff did not show up for an interview with the grievance coordinator. Plaintiff filed s second grievance, but, again, he had too many grievances pending. None of plaintiff's grievances regarding sexual assault or harassment were filed prior to his commencement of this action.

## DISCUSSION

The Prison Litigation Reform Act ("PLRA") requires exhaustion of administrative remedies prior to filing a complaint in federal court. The relevant portion of the act states:

> No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

42 U.S.C. § 1997e(a).

Here, plaintiff filed this action while incarcerated and the act applies to him. The United States

REPORT AND RECOMMENDATION
Page - 2

1  Supreme Court determined that Congress enacted the provision in order to reduce the quantity and improve the
2  quality of prisoner suits. Porter v. Nussle, 534 U.S. 516 (2002).  By mandating exhaustion, Congress enabled
3  corrections officials to address prisoner complaints internally.  Where exhaustion was once discretionary, it is
4  now mandatory. "All 'available' remedies must now be exhausted; those remedies need not meet federal
5  standards, nor must they be 'plain, speedy, and effective.'" Porter v. Nussle, 534 U.S. 516 (2002) (quoting
6  Booth v. Churner, 532 U.S. 731, 739 (2001)). The Porter Court ruled that "§ 1997e(a)'s exhaustion
7  requirement applies to all prisoners seeking redress for prison circumstances or occurrences." Porter, 534 U.S.
8  at 520.

9       Plaintiff filed initial grievances after he commenced this action.  He did not complete the process and
10 his grievances were withdrawn when he did not appear as scheduled.  Plaintiff has failed to exhaust his
11 administrative remedies and this action should be **DISMISSED WITHOUT PREJUDICE.**  Having reached
12 this conclusion the court does not address the argument that this action fails to state a claim.

13      Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal rules of Civil Procedure, the
14 parties shall have ten (10) days from service of this Report to file written objections.  *See also* Fed. R. Civ.
15 P. 6.  Failure to file objections will result in a waiver of those objections for purposes of appeal. Thomas v.
16 Arn, 474 U.S. 140 (1985).  Accommodating the time limit imposed by Rule 72(b), the clerk is directed to
17 set the matter for consideration on **JULY 18, 2008,** as noted in the caption.

19      DATED this 23 day of June, 2008.

21                     */S/ J. Kelley Arnold*
                         J. Kelley Arnold
                         United States Magistrate Judge